## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

---

**UNITED STATES OF AMERICA**                                    **CASE NO. 17-cr-245-09**

**-vs-**                                                                **JUDGE DRELL**

**JEREMY LARAUN MAMON (09)**        **MAGISTRATE JUDGE PEREZ-MONTES**

---

### RULING AND ORDER

Before the court is Jeremy Laraun Mamon's ("Mamon") motion for a reduced sentence pursuant to 18 U.S.C. 3582(c)(1)(A), also known as a motion for compassionate release. (Doc. 581). Mamon argues that considering the United States' Sentencing Commission's consideration to eliminate the distinction between actual methamphetamine versus a mixture and substance of methamphetamine when determining drug quantity and because some district courts have already disregarded the distinction, this court should follow suit and reduce his sentence. Mamon also argues that a review of his exemplary behavior in relation to the factors set forth in18 U.S.C. § 3553(a) favors release. For the following reasons, Mamon's motion is DENIED.

I.      Background

Mamon was indicted by a federal grand jury in Shreveport Louisiana on September 8, 2017, on one count of Conspiracy to Possess and Distribute Methamphetamine in violation of 21 USC § 841(a)(1) and §846, two counts of Distribution of Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(viii). Trial of the matter was set before the undersigned on October 19, 2018, and on that date Mamon and his counsel appeared for the parties to select a jury. When court reconvened on October 22, 2018, to begin the jury trial, Mamon and his attorney advised the court that Mamon wished to change his plea. Mamon entered a plea of guilty to the

Case 1:17-cr-00245-DDD-JPM    Document 629    Filed 09/25/24    Page 2 of 5 PageID #: 3262

conspiracy charge and the Government agreed that it would dismiss the two distribution counts at the time of sentencing.

A presentence report was prepared by U.S. Probation. In it, the probation officer wrote that "for guideline purposes, [Mamon] will be held accountable for 211 grams of methamphetamine (pure). Mamon filed an objection to the presentence report, and among the arguments made was that the probation officer should not have used the quantity of pure or actual methamphetamine found at Guideline 2D1.1. Instead, Mamon should have been responsible for a mixture or substance containing methamphetamine which would lower his guideline range from 32 to 26. U.S. Probation responded and again noted that testing of the methamphetamine showed the product was pure/actual methamphetamine, all co-defendants were held responsible for pure/actual methamphetamine, and multiple witnesses advised the FBI that the methamphetamine at issue was not "cut" or altered in any way. Finally, U.S. Probation cited United States v. Rodriguez, 666 F.3d 944 (5th Cir. 2012) in which the Court determined that because the several tests of seized methamphetamine had similar purity levels, it was not clear error to infer that the unseized drugs had similar purity. Accordingly, since Mamon was responsible for the methamphetamine associated with one source who did not cut his drugs and did not have a purity level of less than 90%, it was safe to infer that any unseized or untested drugs attributed to Mamon had the same purity level.

At Mamon's sentencing on February 4, 2019, the court addressed Mamon's objections. When addressing the argument here regarding using actual methamphetamine rather than a mixture, this court cited the Fifth Circuit case of United States v. Alston, 720 Fed.Appx. 219 (5th Cir.2018) and that Court's finding that "[w]here a defendant pleads guilty to an offense involving a mixture or substance containing methamphetamine, the 'offense level [is] determined by the

weight of the pure methamphetamine in the mixture or substance if doing so would result in a higher offense level.'" Id. (citing United States v. Molina, 469 F.3d 408, 414 (5th Cir.2006) (citing U.S.S.G. § 2D1.1(c)). The court then noted that Mamon was pleading guilty to conspiracy and could have been attributed for sentencing purposes the entire amount of methamphetamine in the conspiracy. Yet the Government made the effort to contribute a specific amount to the co-conspirators and not the entire amount. The court ultimately sentenced Mamon to 195 months imprisonment which was in the middle of his guideline range of 188 to 235 months imprisonment.

Since his sentencing, Mamon filed a motion for reduction of sentence under the First Step Act and United States v. Davis, 588 US 445 (2019). That motion was denied because Davis was inapplicable to the facts of his case. Thereafter, he filed the instant motion, and he then received the benefit of a sentence reduction of 15 months pursuant to 18 U.S.C. 3582(c)(2) and Amendment 821 of the United States Sentencing Guidelines. Accordingly, he is currently serving a sentence of 180 months rather than 195.

II.    Exhaustion

Motions for sentence reduction pursuant to § 3582(c)(1)(A) may be filed at the inmate's request by the Bureau of Prisons ("BOP") or by the inmate himself after exhaustion of his administrative remedies. The exhaustion requirement for motion filed directly by the inmate is mandatory and jurisdictional prerequisite in this court. Ross v. Blake, 578 U.S. 632 (2016); United States v. Chambliss, 948 F.3d 691, 692-93 (5th Cir.2020). Section 3582(c)(1)(A) provides that prisoners may: (1) file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or (2) file a motion with the court after requesting release when there has been a lapse of thirty or more days from the

4

receipt of such request by the warden of the facility where the defendant is house, whichever is earlier. 18 U.S.C § 3582(c)(1)(A).

Mamon asserts that he submitted a "cop-out" to the warden of FCI Yazoo City (Low II) in March 2023. In support, he provides a copy of an "Inmate Request to Staff" to Warden Gentry dated March 20, 2023, asking the warden to file a motion for reduction of sentence pursuant to the First Step Act. (Doc. 581-1, p.1). Mamon contends that he did not receive a response from the warden. As thirty days lapsed since he submitted his request, he filed the instant motion with this court.

III.    Extraordinary and Compelling Circumstances

Even if Mamon could demonstrate exhaustion, this court would not be inclined to grant his motion as he fails to present "extraordinary and compelling reasons" as required by 18 U.S.C. § 3582(c)(1)(A). The Fifth Circuit has explained that "extraordinary" means "beyond or out of the common order, remarkable, and synonymous with singular," while "compelling means "to drive or urge with force, or irresistibly, to force, and to subjugate." United States v. Escajeda, 58 F.4th 184, 186 (5th Cir.2023). Here, Mamon's disagreement with the United States Sentencing Guideline 2D1.1 cannot be seen as extraordinary or compelling.

Mamon presented his argument to this court at the time of his sentencing, which was the proper time to present such an argument. Thus, the argument cannot be considered extraordinary as it is not "beyond or out of the common order." Moreover, we denied this very argument at the time of sentencing based upon sound legal reasoning which, despite Mamon's argument, has not been amended or otherwise disturbed. The fact that other courts may have chosen not to read the Guidelines as written and interpreted by the Fifth Circuit in cases such as Rodriguez and Molina are of no moment to this court. The cases cited by Mamon are district court cases that are not

binding on this court, and we disagree with their logic. Finally, although the Sentencing Commission may have considered an amendment to Guideline 2D1.1 to eliminate the distinction between pure/actual methamphetamine versus a mixture and substance containing methamphetamine, no such amendment was adopted by Congress. Unless and until there is such an amendment, we find no merit to Mamon's argument.

IV.     18 U.S.C. § 3553(a)

Although we applaud Mamon for his good behavior, low recidivism score, and the fact he has taken advantage of the programming offered by the Bureau of Prisons, and we encourage him continue to do so, we find no basis to deter from the findings made at the time of sentencing. Thus, there is no basis upon which to alter his sentence.

V.     Conclusion

Having found that Mamon's motion lacks merit, it is ORDERED that his motion for a reduction in sentence (Doc. 581) is DENIED.

THUS DONE AND SIGNED at Alexandria, Louisiana this 25th day of September 2024.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT